IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLINTON LEE POORES, # 318593 )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>DEBORAH TONEY, et al., )<br>)<br>    Respondents. ) | Civil Action No.<br>2:22cv154-WHA-CSC<br>(WO) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I.   INTRODUCTION**

Clinton Lee Poores, an Alabama inmate at the Limestone Correctional Facility, brought this action by filing a petition seeking relief from his conviction and 25-year sentence for attempted murder entered in the Circuit Court of Tuscaloosa County in 2019. Doc. 1. Poores states that this action is "authorized by Federal Rule of Civil Procedure. Rule 81(d) [sic]." Doc. 1 at 1. However, the proper vehicle for Poores to challenge the state court judgment under which he is incarcerated is a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Felker v. Turpin,* 518 U.S. 651, 662 (1996)*; Cook v. Baker*, 139 F. App'x. 167, 169 (11th Cir. 2005); *Malloy v. Riley*, Civil Action No. 4:02-79-IPJ (N.D. Ala. 2003), 82 F. App'x 222 (Aug. 26, 2003) (table). As discussed below, the Court finds that Poores's petition, in which he seeks relief proper only through 28 U.S.C. § 2254, should be transferred for review and disposition to the United States District Court for the Northern District of Alabama.

## II.   DISCUSSION

Title 28 U.S.C. § 2241(d) states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).[1] Thus, under § 2241(d), petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 may be filed either in the federal district court for the district in which the state court that entered judgment and sentence is located or in the federal district court in the district of the petitioner's incarceration.

Poores was convicted of attempted murder and sentenced in Tuscaloosa County, Alabama. He is in state custody under that judgement at the Limestone Correctional Facility in Limestone County, Alabama. Both Tuscaloosa County and Limestone County are within the federal judicial district of the United States District Court for the Northern

---

[1] "The general grant of habeas corpus jurisdiction has long provided that the Supreme Court, any of its justices, any circuit judge, or any district court could grant the writ 'within their respective jurisdictions.' 28 U.S.C. § 2241(a) (1970), formerly 28 U.S.C. § 452 (1940). *See* Act of Feb. 13, 1925, ch. 229, § 6, 43 Stat. 940; Rev. Stat. § 752; Act of Feb. 5, 1867, ch. 28, 14 Stat. 385. In 1948 that provision was interpreted to mean that a district court lacked subject matter jurisdiction to grant the writ on behalf of a prisoner who was not confined within its territorial boundaries. *Ahrens v. Clark*, 335 U.S. 188, 68 S. Ct. 1443, 92 L.Ed. 1898 (1948). . . . Congress in 1966 enacted § 2241(d), which specified that a habeas corpus petition could also be filed in the federal district in which the court which had entered judgment and sentence was located. *See* S. Rep. No. 1502, 89th Cong., 2d Sess. (1966); H. R. Rep. No. 1894, 89th Cong., 2d Sess. (1966)." *U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1127–28 (2d Cir. 1974).

District of Alabama. Under § 2241(d), that court, and that court alone, has jurisdiction to entertain a petition from Poore seeking § 2254 habeas relief. This Court, however, does not have jurisdiction under § 2241(d) to entertain Poores's petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Poores is proceeding pro se and he seeks relief proper only under 28 U.S.C. § 2254, the Court finds it would be in the interest of justice to transfer this action to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.[2]

## I.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation **by April 19, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues

---

[2] A decision on Poores's application for leave to proceed in forma pauperis (Doc. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

DONE this 5th day of April, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE